**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:01-CR-67 |
| | ) | (2:05-CV-172) |
| ADAM TYRALE WILLIAMS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Relief Pursuant to Rule 33, filed by Defendant, Adam Williams, on October 2, 2017 (DE #410). For the reasons set forth below, the motion (DE #410) is **DENIED**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Defendant (Prisoner # 06718-027), at the Seagoville FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box. 9000, Seagoville, TX 75159, or to such other more current address that may be on file for the Defendant.

BACKGROUND

On September 18, 2001, Adam Williams was convicted by a jury of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. section 846 and 841(a)(1) (Count One), possession with intent to distribute 50 grams or more of crack cocaine, in violation of section 841(a)(1)

(Count Two), and possession with intent to distribute 5 grams or more of crack cocaine, in violation of section 841(a)(1) (Count Three). On June 17, 2002, Williams was sentenced to life terms of imprisonment on each of Counts One and Two, plus another 40 years of imprisonment on Count Three, all to run concurrently. The sentence was based on the 2001 edition of the United States Sentencing Guidelines, which assigns a base offense level of 38 to this offense because the quantity of crack at issue was in excess of 1.5 kilograms. Williams received a two point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon, a two point enhancement pursuant to U.S.S.G. § 3B1.1(c) because Defendant was an organizer, leader, manager or supervisor of less than 5 participants in the commission of the offense, and a two level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Therefore, Williams' total offense level was 44, and with a criminal history category of I, this Court determined that the appropriate sentencing range was life. Accordingly, Williams' sentence was within the applicable Guideline range.

Petitioner filed a notice of appeal to the Seventh Circuit, and his appointed counsel sought to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he was unable to find a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Williams was invited to respond to counsel's motion to withdraw, but he failed to do so. In an unpublished order dated November 20,

2002, the Seventh Circuit dismissed Williams' appeal as frivolous, granted counsel's motion to withdraw, and denied Williams' motion to appoint new counsel. *See United States v. Williams*, 51 Fed. Appx. 589 (7th Cir. Nov. 20, 2002).

On July 1, 2003, Williams filed a petition for writ of certiorari from the United States Supreme Court. That request was denied by the Supreme Court on October 15, 2003.

On November 17, 2004, Petitioner submitted a letter to this Court, in which he made several substantive arguments. In an order dated April 1, 2005, this Court gave Williams notice that the arguments presented in his letter would be treated as a motion made pursuant to 28 U.S.C. section 2255 unless Williams advised the Court on or before April 29, 2005, that he wished to withdraw the claims set forth in his letter. The Court also advised Williams that if he wished to add any other arguments, they should be set forth in a memorandum, accompanied with citations to legal authority where appropriate, on or before April 29, 2005. Williams did not advise the Court that he wished to withdraw the claims set forth in his letter, nor did he submit additional legal argument. The Court therefore treated Williams' November 17, 2004 letter as a section 2255 motion.

In his November 17, 2004 letter, Williams contested his sentence, arguing that certain enhancements were improper and violated his right to a jury trial, his counsel refused to file a

challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and that he had an issue under *Blakely v. Washington*, 542 U.S. 296 (2004). This Court denied his petition because it was barred by the statute of limitations.

In April of 2009, Williams sought a sentence modification pursuant to 18 U.S.C. Section 3582(c) in light of the November 1, 2007 United States Sentencing Guidelines, section 2D1.1(c) "crack" amendment as applied retroactively by U.S.S.G. section 1B1.10. Under the November 1, 2007 "crack" amendment, Defendant's base offense level was 36, and with everything else remaining equal, his sentencing range was 360 months to life. Defendant sought a reduction below the new guideline range. In an order dated October 26, 2009, this Court considered the section 3553(a) factors, concluded that a sentence of life was reasonable and appropriate, and declined to modify Williams' sentence. (DE #329.) Williams appealed the denial of his request for a sentence modification, and the appeal was denied by the Seventh Circuit. *See United States v. Williams*, No. 09-3703 (7th Cir. 2010); (DE #338).

In October of 2011, Williams requested a second sentence modification pursuant to 18 U.S.C. section 3582(c) in light of the November 1, 2010 United States Sentencing Guidelines, U.S.S.G. § 2D1.1(c) "crack" amendment, as applied retroactively by U.S.S.G. § 1B1.10. In February of 2012, after determining that Williams' repeated acts of perjury, large-scale drug dealing, possession of

a firearm, and assistance as an accomplice after the fact in a murder, demonstrated that a reduction in Williams' sentence would pose a significant risk to the public safety, this Court denied the motion to reduce his sentence. (DE #360.)

Williams filed another appeal in February of 2012 regarding this second denial of his request to reduce his sentence for distributing crack cocaine. While the appeal was pending, Williams filed a "Writ of Audita Querela" with this Court (DE #366). Williams then filed his pro se brief with the Court of Appeals alleging many of the same issues as raised in the instant motion. The Seventh Circuit's decision of November 29, 2012, affirmed the district court's decision to not reduce his sentence. *See United States v. Williams*. No. 12-1339 (7th Cir. 2012); (DE #383-1).

Williams filed the instant motion under Rule 33 on October 2, 2017. (DE #410.) After receiving an extension of time, the Government filed a timely response in opposition on November 22, 2017. (DE #414.) Williams filed a reply on December 12, 2017. (DE #415.) Although Williams claims the Government never opposed his motion, the Government did file its response on November 22, 2017, and certified that it was mailed to Williams in FCI Seagoville on that day. (DE #414.)

DISCUSSION

Williams makes the instant motion pursuant to Federal Rule of Criminal Procedure 33. He claims that he has "newly discovered"

evidence, which is a school record from Henry High School, an out-of-state school, which impeaches the testimony of a government witness, Richard Jones. (DE #410 at 6.) Specifically, Williams argues the school document proves that he was not in Hammond, Indiana, in 1995 and 1996. *Id.*

Federal Rule of Criminal Procedure 33 provides that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

Williams does claim that his motion for a new trial is based upon newly discovered evidence, and therefore, is timely. The Federal Rules provide that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). Way more than 3 years have passed since the guilty verdict in this case, and Williams' appeal was complete in 2003. As such, this motion is untimely.

Even assuming, *arguendo*, that the Court could entertain Williams' motion, he would still fail on the merits. A new trial is warranted only if Williams could prove that the new evidence: (1) came to his knowledge after trial; (2) could not have been discovered any sooner using due diligence; (3) is material and not

merely impeaching or cumulative; and (4) probably would lead to an acquittal in the event of a new trial. *United* States v. *Hodges*, 315 F.3d 794, 801 (7th Cir. 2003). When dealing with whether a witness testifies falsely, this Court should employ the test set forth in *United States v. Reed*, 2 F.3d 1441 (7th Cir. 1993), which allows a new trial when:

> (a) The court is reasonably well satisfied that the testimony given by a material witness is false.
>
> (b) The jury might have reached a different conclusion absent the false testimony or if it had known that testimony by a material witness was false.
>
> (c) The party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.

*Id.* at 1451. Under either test, "mere speculation or conjecture is insufficient to warrant a new trial." *Id.*

Williams fails to meet the first general test, because his own school record is not the type of evidence that came to his knowledge only after trial and could not have been discovered sooner. Under the false testimony test, Williams has not shown how this evidence could cause the jury to reach a different result. Moreover, because Williams knew where and when he was at school, the witness testimony could not be said to have taken him by surprise and he was "unable to meet it" or "did not know of its falsity until after the trial." For all of these reasons, the instant motion for a new trial pursuant to Rule 33 fails.

CONCLUSION

For the reasons set forth above, the motion (DE #410) is **DENIED**. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Defendant (Prisoner # 06718-027), at the Seagoville FCI, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box. 9000, Seagoville, TX 75159, or to such other more current address that may be on file for the Defendant.


**DATED: December 20, 2017**          **/s/ RUDY LOZANO, Judge**
                                       **United States District Court**