UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:01 CR 67 |
| ) | |
| ADAM TYRALE WILLIAMS, JR. ) | |

### OPINION and ORDER

This matter is before the court on the motion of defendant Adam Tyrale Williams, Jr., for a reduction in his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 453.) For the reasons that follow, the motion is granted, in part, and denied, in part.

**I.    BACKGROUND**

In September 2001, a jury found defendant guilty of Count 1, conspiring to distribute 50 grams or more of crack cocaine; Count 2, distributing more than 50 grams of crack cocaine; and Count 3, distributing more than 5 grams of crack cocaine. (DE # 329.) At the sentencing hearing, Judge Rudy Lozano determined that defendant was responsible for more than 1.5 kilograms of crack cocaine and that his Sentencing Guidelines range was life imprisonment. (*Id.*) Judge Lozano sentenced defendant to life imprisonment on Counts 1 and 2, and a term of 40 years imprisonment on Count 3, to be served concurrently. (*Id.*)

In 2005, in a separate case, defendant pled guilty to accessory after the fact and perjury, for painting the getaway car for associates who robbed and murdered a 71-year-old Hammond gun store owner. (DE # 981, 2:01 CR 73.) When called to testify

before the grand jury, defendant again lied under oath. In that case, defendant was sentenced to 97 months to be served concurrently with the aforementioned life sentence. (*Id.*)

In 2009, defendant requested a sentence modification in this case in light of a retroactive amendment to the Sentencing Guidelines which lowered defendant's base offense level, resulting in a new Guidelines range of 360 months to life. (DE # 360 at 2.) However, after analyzing the Section 3553(a) factors and public safety considerations, Judge Lozano denied the motion, citing defendant's "repeated acts of perjury, large-scale drug dealing, possession of a firearm, and assistance as an accomplice after the fact in a murder." (DE # 329 at 4.) The Seventh Circuit denied defendant's appeal of that ruling. (DE # 338.)

In 2012, defendant sought another reduction under another amendment to the Guidelines. (DE # 345.) This time, defendant's sentencing range was reduced to 292 to 365 months. Still, Judge Lozano found that a life sentence continued to be reasonable and appropriate, as "little ha[d] changed." (DE # 360 at 5.) This decision was also upheld by the Seventh Circuit. (DE # 383.)

In 2015, defendant filed a third motion to reduce his sentence due to retroactive amendments to the Sentencing Guidelines. The new, applicable Guidelines range was 235 to 293 months. This time, Judge Lozano reduced defendant's sentence, but to 360 months imprisonment. Judge Lozano concluded that a "small reduction in sentence is warranted," as defendant was young at the time of his offense (only 19), had very little

2

contact with the criminal justice system prior to the charge, and had made some efforts to better himself while incarcerated. (DE # 397 at 3-4.) Again, this decision was upheld on appeal. (DE # 407.)

Defendant now seeks a reduction in his sentence under the First Step Act. (DE # 453.) The Government opposes the motion. (DE # 454.) The motion is fully briefed and ripe for ruling.

## II. ANALYSIS

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020). The parties agree that defendant is eligible for First Step Act relief on Counts 1, 2, and 3. The court now considers whether a reduction in defendant's sentence is appropriate as to these counts.

As recommended by *Shaw,* 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. Judge Lozano's prior consideration of the Section 3553(a) factors at sentencing remains valid. The court has considered defendant's young age at the time he committed the underlying crimes. The court has also considered that, prior to the

3

offenses addressed in this opinion, defendant had very little criminal history. And the court has considered the fact that defendant has displayed exemplary behavior while incarcerated, apparently following all of the BOP rules and regulations for over 20 years, except once when he was sanctioned for being in an unauthorized area; this is particularly commendable since defendant was subject to a life sentence for a significant portion of that time. (DE # 441 at 3.)

However, as the court has previously remarked, defendant was involved in a large-scale drug conspiracy, possessed a firearm, attempted to help cover up a senseless murder in another case, and twice committed perjury. These are serious offenses, a fact not lost on Judge Lozano when he twice denied defendant any reduction in his sentence under amendments to the Sentencing Guidelines. This court, giving the facts a "fresh look" as defendant requests (DE # 461 at 12), sees the situation the same way as Judge Lozano did in 2015 when he reduced defendant's sentence to 360 months. A term of imprisonment of 360 months acknowledges defendant's age at the time of the crime, defendant's lack of any significant criminal history, and defendant's noteworthy behavior and self-improvement efforts while incarcerated, while also recognizing the reprehensibility of the crimes he committed. A 360-month term is also sufficient but not greater than necessary to comply with the goals of sentencing, and provides sufficient deterrence, both for defendants and for others. Further, in this court's opinion, defendant still poses a threat to public safety given the nature of his prior crimes, further supporting the appropriateness of a 360-month sentence.

The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant. Even with the application of the Fair Sentencing Act to defendant's case, the relevant Guidelines range is 235 to 293 months. The court finds that an above-Guidelines range sentence of 360 months is appropriate for all of the reasons articulated above. A 360-month term of incarceration also complies with the First Step Act, as that sentence does not offend the maximum and minimum sentences which would have applied to defendant had the Fair Sentencing Act been in effect at the time of his original sentencing.

The Government does not object to a reduction in defendant's term of supervised release in accordance with the First Step Act. Therefore, the court grants defendant's request to reduce defendant's term of supervised release on Counts 1 and 2 to 4 years, and the term of supervised release on Count 3 to 3 years.

Finally, the court denies defendant's request for a hearing on the present motion. *United States v. Cooper,* 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding a resentencing hearing on a First Step Act motion, noting that "nothing in § 404 [of the First Step Act] plainly requires the district court to hold any sort of hearing at all").

### III.    CONCLUSION

For the foregoing reasons, defendant's motion for a reduction in his sentence under the First Step Act (DE # 453) is **GRANTED, in part, and DENIED, in part.**

5

Defendant's term of supervised release is reduced to 4 years on Counts 1 and 2, and 3 years on Count 3.

**SO ORDERED.**

Date: July 26, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT