UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:01 CR 67 |
| | ) | |
| ADAM TYRALE WILLIAMS, JR. | ) | |

### OPINION and ORDER

This matter is before the court on defendant Adam Tyrale Williams, Jr.'s motion related to Amendment 821 of the United States Sentencing Guidelines. (DE # 496.) The court construes defendant's motion as a motion for a reduction in sentence pursuant to Amendment 821.

In April 2023, the United States Sentencing Commission voted to make changes to how a defendant's criminal history is calculated for sentencing. These changes, generally referred to as "Amendment 821," took effect on November 1, 2023. Part A of Amendment 821 amended § 4A1.1 of the Guidelines to limit the overall impact of "status points" on certain offenders' criminal history calculation. Part B of Amendment 821 created a new § 4C1.1 guideline that provides a decrease of two offense levels for offenders who did not receive any criminal history points under Chapter Four of the Guidelines and whose instant offense did not involve specified aggravating factors. The Sentencing Commission has given retroactive effect to Amendment 821. *See* N.D. Ind. Gen. Order 2023-32, available at https://www.innd.uscourts.gov/sites/innd/files/2023-32.pdf. Any retroactive decrease in sentence pursuant to Amendment 821 may not go into effect until February 1, 2024.

In this case, defendant is serving a sentence (as amended) of 360-months' imprisonment for crimes related to the distribution of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2. (DE # 490.) He now seeks to reduce this sentence pursuant to Amendment 821. However, a review of the record reveals that defendant is not eligible for relief under Amendment 821.

First, defendant does not qualify for a reduction in sentence under Part A, which limits the impact of status points on certain offenders' criminal history calculation. The PSR indicates that defendant had no criminal history points, and thus no status points. Accordingly, Part A does not impact his criminal history category or sentence.

Second, defendant does not qualify for a sentence reduction under Part B, which provides for a decrease of two offense levels for certain offenders who did not receive any criminal history points, and whose instant offense did not involve specified aggravating factors. While defendant did not receive any criminal history points, his offenses involved aggravating factors identified in § 4C1.1(7), (10). Defendant is not eligible for a decrease in offense level under § 4C1.1 because of the involvement of a firearm in connection with his offenses and because of his role in the offenses. (*See e.g.* DE # 485.)

In summary, because defendant cannot make a showing that he is entitled to relief under Part A or Part B of retroactive Guidelines Amendment 821, his motion, if construed as a motion for a sentence reduction, must be denied.

For these reasons, defendant's motion (DE # 496) is construed as a motion for a reduction in sentence pursuant to Amendment 821, and is **DENIED**. Because he is not

eligible for relief under Amendment 821, his request for counsel is also **DENIED**.

                                            **SO ORDERED.**

Date: January 26, 2024

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT